IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hayward L. Rogers, #278510, | ) C/A No.: 2:15-cv-04550-TMC-MGB |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| Bryan Stirling, *Director*; and South Carolina Department of Corrections, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Hayward L. Rogers ("Plaintiff" or "Rogers"), proceeding *pro se* and *in forma pauperis*, brings this civil action against Bryan Stirling, the Director of the South Carolina Department of Corrections, and the South Carolina Department of Corrections ("SCDC"). (*See generally* Compl.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying

1

the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant suit against SCDC and the Director of SCDC. (*See generally* Compl.) The suit appears to be over $6.43 that Plaintiff alleges was "illegally taken" from his trust account. (*See* Dkt. No. 1 at 5 of 5.) Plaintiff alleges, *inter alia*,

> On July 16, 2014 while at McCormick Corr. Inst. I received a money order for $30.40. Upon my transfer[] to Perry Correctional Institution on 7-21-14, I went to the canteen. I knew prior to my going to the canteen that because of my being indigent I would have only $6.43 to spend, but I could spend only $1.41 because

2

> medical has taken $5.02 from my Cooper account. I then filed a Request to Staff to Ms. Burgess at medical whereas she admitted that medical had charged me $5.00, but refused to refund me the $5.00 back to my account.

(*Id*. at 3 of 5.)

Plaintiff alleges that he filed a grievance, and when the Warden "failed to answer the grievance within 45-days," he appealed to the Administrative Law Court. (*Id*.) Plaintiff asserts that the Administrative Law Court dismissed the appeal without prejudice, concluding that it was premature. (*Id*.) Plaintiff alleges the "agency" finally "rendered its decision exhausting the appeal process" on June 4, 2015, and he again appealed thereafter. (*Id*. at 3-4 of 5.) He complains that the Administrative Law Court "has refused to acknowledge [his] notice of appeal," and he has "been denied due process of law, denied access to the court, and treated to cruel and unusual punishments in the violation of illegally taken funds from [his] Cooper Trust Fund account." (*Id*. at 4 of 5.)

In the "Relief" section of his Complaint, Plaintiff states that he seeks the following relief (verbatim):

> obtain discovery of all papers relative to this matter, and order that the Administrative Law Court release all discovery to this matter, and order that the Plaintiff receives copies of the same. Order that the Plaintiff be refunded the $6.43 to Plaintiff's account that was illegally taken from the Plaintiff's account. For mental anguish, and emotional and punitive damages due to violation of the Plaintiff's civil rights, may the court fine that Plaintiff is paid in the excess of $250,000.00, and order that a restraining order be placed against Defendants, et al., to prevent any unnecessary retaliation or harassment. Declaratory and Injunctive relief, and such additional relief as the court finds necessary, as well as an award for cost, expenses, and expenditure. [A]nd a jury trial is demanded. The Plaintiff, request that the Court compel Defendants to produce all documents relevant to this matter.

(*Id*. at 5 of 5.)

## DISCUSSION

The undersigned recommends summarily dismissing Plaintiff suit for several reasons. Plaintiff complains about the loss of $6.43 from his Cooper Trust Account. (*See* Dkt. No. 1 at 3-5 of 5.) The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent Plaintiff's claim for lost property sounds in negligence, that claim fails.

Furthermore, an intentional deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir.1986) (citing S.C. CODE ANN. § 15-69-10 *et seq*.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id*. (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Accordingly, any due process claim for deprivation of property fails, and Plaintiff's Complaint should be summarily dismissed.

Moreover, Plaintiff's claim against Director Stirling fails because Plaintiff has not alleged any action or inaction of Stirling himself. In a § 1983 action, however, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.

4

2001); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); *United States v. Caceres*, 440 U.S. 471, 754-55 (1979) (noting that "none of respondent's constitutional rights" were violated "by the agency violation of its own regulations"); *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) ("[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.").

Nor is the South Carolina Department Corrections subject to suit in the case *sub judice*. The Eleventh Amendment provides: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." In enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). As the Supreme Court stated in *Will*,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (citation omitted).[1]

---

[1] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332 (1979), and South Carolina has not consented to suit in federal district court. *See* S.C. CODE ANN. § 15-78-20(e).

Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will*, 491 U.S. at 70; *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As a state agency, SCDC is an arm of the State of South Carolina, and Plaintiff's suit against SCDC should therefore be summarily dismissed. *See Will*, 491 U.S. at 70; *see also Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question of whether the suit is barred by the Eleventh Amendment." (citing *Cory v. White*, 457 U.S. 85, 90 (1982)); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Belcher v. S.C. Bd. of Corrs.*, 460 F. Supp. 805 (D.S.C. 1978).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 19, 2016
Charleston, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).