IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hayward L. Rogers, | ) |
|                    Plaintiff, | ) Civil Action No. 2:15-cv-04550-TMC |
| v. | ) **ORDER** |
| Bryan Stirling, *Director*; and South Carolina Department of Corrections, | ) |
|                    Defendants. | ) |

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (ECF No. 9). Plaintiff was advised of his right to file objections to the Report, (ECF No. 9 at 7), and he filed timely objections. (ECF No. 11).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Plaintiff's objections are mostly unspecific to the dispositive portions of the Report and merely restate his claims. In his objections, Plaintiff asserts that the magistrate judge erred by

failing to make "a finding of fact and conclusion of law" with respect to his claim that he has been denied access to the courts, which centers on the South Carolina Administrative Law Court's alleged refusal to hear his second appeal from the prison grievance process. (ECF No. 11 at 1–2). When a prisoner makes a claim that prison officials infringed his access to the courts, he "cannot rely on conclusory allegations" and must "identify actual injury resulting from official conduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Here, Plaintiff has failed to specify how either defendant's official actions impeded him from pursuing his claims in court. Indeed, the very fact that the Administrative Law Court allegedly declined to hear Plaintiff's second appeal from the prison grievance process indicates that Plaintiff *was* afforded access to the court system, and at any rate, state inmates have "no [constitutional] entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court overrules Plaintiff's objections.

Based on the foregoing, the court adopts the Report (ECF No. 9) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

March 21, 2016
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.